STATE v. EVANS

[105 N.C. App. 236 (1992)]

---

STATE OF NORTH CAROLINA v. RANDY L. EVANS

No. 9114SC230

(Filed 21 January 1992)

**Constitutional Law § 186 (NCI4th) — assault on law officer with car — no double jeopardy**

In a prosecution of defendant for assault on a law enforcement officer with a deadly weapon, an automobile, the trial

court did not err in denying defendant's motion to dismiss on the ground of double jeopardy where defendant was involved in a high speed chase giving rise to several misdemeanor traffic convictions; and the assault charge was based on defendant's conduct, occurring after he was pursued and stopped by officers, in accelerating his vehicle rapidly both forward and backward in an effort to strike the officer.

**Am Jur 2d, Criminal Law §§ 266-268, 277, 279.**

APPEAL by defendant from *Hudson (Orlando F.), Judge.* Judgment entered 5 October 1990 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 January 1992.

Defendant was charged in a proper bill of indictment with the Class I felony of assaulting a law enforcement officer with a deadly weapon to wit an automobile in violation of G.S. 14-34.2. The evidence at trial tends to show the following:

On 2 August 1988, defendant was involved in a high speed chase with law enforcement officers which began in Orange County and continued into Durham County. Officers Edwards and Gordon executed a "running road block" which brought defendant's car to a halt on the Falls Lake Bridge in Durham County. After defendant had stopped his car and while the officers were attempting to apprehend him, defendant attempted to run over Trooper Edwards.

Before trial, defendant made a motion to dismiss the assault charge on the grounds that this charge placed him in double jeopardy for the misdemeanor traffic offenses for which he was convicted in Orange County as a result of the high speed chase. The trial judge denied defendant's motion, and the jury subsequently found defendant guilty of assaulting a law enforcement officer with a deadly weapon. From a judgment imposing a prison sentence of three years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Berman and Shangler, by Dean A. Shangler, for defendant, appellant.*

HEDRICK, Chief Judge.

The two assignments of error brought forward and argued on appeal present the question of whether the State was barred on double jeopardy grounds from prosecuting defendant for assault with a deadly weapon in violation of G.S. 14-34.2.

The Fifth Amendment to the United States Constitution provides ". . . nor shall any person be subject to the same offense to be twice put in jeopardy of life or limb . . . ." The Supreme Court has consistently held that the "Double Jeopardy" clause in the Fifth Amendment prohibits successive prosecutions for the same criminal act or transaction after conviction. *Grady v. Corbin*, 495 U.S. ---, 109 L.Ed.2d 548 (1990); *Blockburger v. United States*, 284 U.S. 299, 76 L.Ed. 306 (1932).

In *Blockburger v. United States, supra,* the Court held there is no violation of the Fifth Amendment prohibition against double jeopardy if each of the offenses for which the defendant is prosecuted as statutorily defined requires proof of a fact that the other does not.

The Court announced an additional standard for determining whether a double jeopardy violation had occurred in *Grady v. Corbin*, 495 U.S. ---, 109 L.Ed.2d 548 (1990). In that case, the Court held that a second prosecution would be barred if the State sought to establish an essential element of the second offense by proving conduct for which the defendant was convicted in the first prosecution.

Defendant concedes in his brief the charge of "assault on a law enforcement officer . . . as statutorily defined requires proof of a fact the traffic offenses previously tried do not . . .", and therefore, "*Blockburger* . . . does not bar the successive prosecution for assault." Defendant contends, however, his successive prosecution for assault was barred on double jeopardy grounds pursuant to *Grady* because the assault on a law enforcement officer arose out of the same course of conduct for which he had been previously charged and convicted in Orange County. We disagree.

In the present case, defendant was charged with assaulting a law enforcement officer with a deadly weapon in violation of G.S. 14-34.2 which provides in pertinent part:

Any person who commits an assault with a firearm or any other deadly weapon upon any:

(1) Law enforcement officer;

. . . in the performance of his duties shall be guilty of a Class I felony.

Defendant's conduct giving rise to this charge is that after being pursued and stopped by police officers, defendant ignored their order to get out of the car; and instead, accelerated the vehicle rapidly both forwards and backwards in an effort to strike Trooper Edwards. This evidence alone was sufficient to show that defendant had committed the offense charged in the second prosecution. Furthermore, none of defendant's conduct in the first prosecution was necessary to prove the elements of assault with a deadly weapon on a law enforcement officer in the second prosecution.

Therefore, we hold the trial court did not err in denying defendant's motion to dismiss on the grounds of double jeopardy.

Defendant received a fair trial free from prejudicial error.

No error.

Judges WELLS and JOHNSON concur.